Matter of Agu (2020 NY Slip Op 03778)





Matter of Agu


2020 NY Slip Op 03778


Decided on July 8, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
FRANCESCA E. CONNOLLY, JJ.


2019-06189

[*1]In the Matter of Lydia C. Agu, admitted as Lydia Hills, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Lydia C. Agu, respondent. (Attorney Registration No. 4959524)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 14, 2011, under the name Lydia Hills. By order to show cause dated December 31, 2019, the respondent was immediately suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii) based on her conviction of a serious crime, and she was directed to show cause why a final order of suspension, censure, or disbarment should not be made based on her conviction of a serious crime.



Diana Maxfield Kearse, Brooklyn, NY (Sara Mustafa of counsel), for petitioner.
Lydia C. Agu, Brooklyn, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
By order to show cause dated December 31, 2019, the respondent was immediately suspended from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii) based on her conviction of a serious crime, and was directed to show cause pursuant to 22 NYCRR 1240.12(c)(2)(i) why a final order of suspension, censure, or disbarment should not be made based on her conviction of a serious crime.
The Criminal Conviction 
On March 20, 2019, the respondent was convicted in the United States District Court for the Eastern District of New York, following a jury trial, of the federal felonies of conspiracy to obstruct an official proceeding, 18 USC § 1512(c)(2) and (k), and obstruction of an official proceeding, 18 USC § 1512(c)(2). On November 8, 2019, the respondent was sentenced to a term of four years probation on each count, fined $25,000, and assessed a $200 fee. In addition, she was directed to perform 250 hours of community service.
As revealed in Indictment CR 1600204, in or about March and April 2016, the respondent and the codefendant, Faith Esimai, attempted to influence the U.S. Attorney's Office for the Southern District of New York to remove a lien on Esimai's real property by misrepresenting that the property would be sold, and that Esimai would not receive any proceeds from the sale. The U.S. Attorney's Office had filed liens against four properties owned by Esimai to prevent her from selling them without first satisfying a judgment and forfeiture order. More specifically, on April 23, 2010, Esimai, the respondent's aunt, pleaded guilty in the United States District Court for the Southern District of New York to conspiracy to commit wire fraud and bank fraud, in violation of 18 USC § [*2]1349. She was sentenced to 70 months' imprisonment, three years of supervised release, and ordered to pay $4,952,831.73 in restitution (hereinafter the Judgment) and ordered to forfeit $13,517,486 in criminal proceeds (hereinafter Forfeiture Order). In 2015, Esimai completed her sentence and was released.
Esimai owned four properties and held a mortgage for each of the properties. The U.S. Attorney's Office for the Southern District of New York filed liens against the four properties to prevent Esimai from selling the properties without first satisfying the Judgment and Forfeiture Order. In or about March 2016, the respondent and Esimai approached John Doe and offered to sell him the four properties in a short sale. In connection with the sale, the respondent and Esimai demanded that John Doe pay a 6% broker's fee to the respondent and $25,000 to Esimai for each of the four properties. On or about March 15, 2016, the respondent faxed a letter to the U.S. Attorney's Office on Esimai's behalf and requested that its lien on one of the properties be released in order to consummate the sale of that property. The letter falsely stated, as the respondent then knew and believed was not true, that Esimai would not receive any financial benefit from the sale. On or about April 6, 2016, at a meeting between the respondent, Esimai, and John Doe, John Doe delivered $33,100 to the respondent and Esimai, representing Esimai's $25,000 payment and the respondent's 6% broker's fee. In so doing, the respondent conspired to obstruct enforcement of the Judgment and Forfeiture Order.
The Respondent's Affidavit 
The respondent acknowledges her conviction, claiming that it was the "biggest mistake of [her] life and [her] professional career." She admits that she "agreed to engage in a scheme that would result in financial gain to a family member, in violation of the terms of [her] relative's parole and restitution requirements." The respondent claims that her conduct was aberrational and her judgment was clouded, and that she did not act out of greed, but loyalty. In explaining her actions, the respondent claims that she was merely trying to assist her 70-year-old aunt in the management of her various real estate properties; that she was inexperienced in real estate matters; that she was approached by an individual identified in the federal indictment as John Doe, who unbeknownst to the respondent was convicted of real estate fraud and was working as a confidential informant for the government; that she agreed to sell him several of her aunt's properties, believing that she was helping her aunt; and that she unknowingly and unwittingly got caught up in a real estate fraud scheme. The respondent deeply regrets her wrongful actions.
The respondent requests this Court to impose a censure or a suspension for a limited period, in view of the mitigation advanced, including her inexperience in real estate matters, her remorse, the volunteer services that she performs for her community, and her vow to never make the same mistake in the future. Notwithstanding the mitigation advanced, we conclude that the respondent's conduct strikes at the heart of the administration of justice. In an effort to have the lien released to consummate the sale for her aunt, the respondent faxed a letter to the U.S. Attorney's Office in which she falsely indicated that her aunt would not receive any financial benefit from the sale. In so doing, the respondent conspired to obstruct enforcement of the Judgment and Forfeiture Order. It also cannot be said that the respondent did not attempt to profit from the sale as she demanded and received a broker's fee.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants a suspension from the practice of law for a period of four years, without credit for the time the respondent has already served under the interim suspension imposed by this Court by order to show cause dated December 31, 2019.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CONNOLLY, JJ., concur.
ORDERED that the respondent, Lydia C. Agu, admitted as Lydia Hills, a suspended attorney, is suspended from the practice of law for a period of four years, effective immediately, without credit for the time the respondent has already served under the interim suspension imposed by this Court by order to show cause dated December 31, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 8, 2024. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during said period she: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted herself; and it is further,
ORDERED that the respondent, Lydia C. Agu, admitted as Lydia Hills, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Lydia C. Agu, admitted as Lydia Hills, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Lydia C. Agu, admitted as Lydia Hills, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court